UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DEREK LAPLUME </br></br>        Plaintiff, </br></br> vs. </br></br> HARRIS AND HARRIS, LTD </br>        Defendant. | Case No. |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

### I.     INTRODUCTION

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*.

### II.     JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, for the TCPA claims. *See Also* Mims v Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for private TCPA claims).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacted business in this district.

### III.     PARTIES

4. Plaintiff, Derek Laplume, is a natural person residing in Cumberland County Maine.

5. Defendant, Harris and Harris, Ltd is a Corporation created under the laws Illinois with a principal place of business located at 111 W Jackson Blvd, Chicago, IL 60604.

6. Defendant has a registered agent in Maine: Corporation Service Company located at 45 Memorial Circle Augusta, ME 04330.

### IV.  FACTUAL ALLEGATIONS

7. The Plaintiff never provided the Defendant with his cellular telephone number.

8. The Plaintiff never informed the Defendant by any means that he authorized them to contact his cellular telephone.

9. The Plaintiff's cellular phone number is (207) 698-0281.

10. The Plaintiff received calls as to his cellular phone on the dates and times listed in exhibit A.

11. The Plaintiff received at least 9 calls between March of 2017 and July of 2017 on his cellular phone.

12. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted these violations in a widespread manner.

13. The calls made left a prerecorded message on the Plaintiff's voice mail.

14. Upon information and good faith belief, the calls were placed by an "autodialler" or predictive dialer.

15. The calls personally affected the plaintiff by causing him distress, wasting his time, causing him frustration and anguish and annoyance- all of which are intended to be halted by the TCPA, the very statute violated by the Defendant to the determinant of the Plaintiff and the members of the proposed class.

16. The plaintiff, as a result of the Defendant's actions suffered concrete and particularized harm. Not only to his peace and quiet enjoyment of life, but also in having to endure such unlawful

violations of Federal law.

17. The proposed members of the proposed class also suffered the same actual harm from the defendant's actions.

## V.   CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

   a. All persons in the United States of America who within the last four years received autodialed or predictive dialed calls from the Harris and Harris Limited to cellular telephones and who did not provide Harris and Harris Limited consent to make such calls.

(the "Class").  Excluded from the Class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

19. The proposed Class is believed to be so numerous that joinder of all members is impracticable.  The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed Class is believed to be ascertainable in that the contact information of all members of the Class can be identified in business records maintained by Defendant or the Defendant's principal or agent.

20. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of the Defendant and Plaintiff has suffered the same injuries as each member of the class.  Like all proposed members of the Class, Plaintiff received autodialed or predictive dialed calls to his cellular phone for which he did not give consent.

21. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced in consumer protection litigation. Plaintiff's counsel has co-counseled consumer class action litigation and has an established ongoing association with experienced consumer class action attorneys with nationwide reach and resources.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

23. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the Class. Among the issues of law and fact common to the Class are:
    i. Defendant's violations of the TCPA as alleged herein;
    ii. The existence of Defendant's identical conduct particular to the matters at issue.

24. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

25. A heretofore unknown number of consumers are without a remedy for these violations of Federal Law.

### *VI. CLAIMS FOR RELIEF*

### COUNT I
### DEFENDANT'S VIOLATIONS OF 47 U.S.C. § 227

26. Plaintiff repeats and re-alleges each and every contained herein as if fully stated within this count. allegation

27. The TCPA makes it unlawful for any person to make a call using any automatic telephone dialing system or an artificial or prerecorded voice: "(iii) to the telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(ii).

28. The Statutory scheme of the TCPA provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

29. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

30. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010). *See also* Kolstad v. American Dental Assn., 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

31. Here, Defendant has used an "automatic telephone dialing system" to call the Plaintiff on his cellular telephone.

32. In the alternative Defendant has used a "predictive telephone dialing system" to call the

Case 2:17-cv-00276-NT   Document 1   Filed 07/21/17   Page 6 of 7   PageID #: 6

Plaintiff on his cellular telephone.

33. The Defendant did not have Plaintiff's consent to contact his cell phone.

34. The Defendant made these calls with careless or reckless disregard that their conduct violated the law.

35. The Defendant made at least nine of these calls to the Plaintiff's cell phone.

36. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted these violations in a widespread manner.

## COUNT II
## INVASION OF PRIVACY

37. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

38. Defendant invaded the peace and quiet enjoyment of Plaintiff's life and home through repeated phone calls and messages.

39. Defendant without right or justification intruded upon the physical and mental solitude or seclusion of the Plaintiff.

40. Defendant therefore invaded the privacy of Plaintiff by intrusion upon seclusion.

41. Plaintiff suffered damages in loss of enjoyment of life, increased stress, mental and emotional disturbance.

WHEREFORE, Plaintiff requests this Honorable Court enter the following relief:

    a. Judgment in their favor, and an award of damages;

    b. Adjudging that Defendant violated 47 U.S.C. § 227;

    c. Enjoining the Defendant from any further violations of 47 U.S.C. § 227;

    d. Awarding Plaintiff statutory damages for each phone call made in violation of this

6 of 7

    statute, pursuant to 47 U.S.C. § 227(b)(3);

e. Awarding Plaintiff triple damages for each phone call made because of willing violations of the statute pursuant to 47 U.S.C. § 227(b)(3);

f. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

g. Approve an award of attorneys' fees as appropriate for representing the class;

h. Awarding such other and further relief as the Court may deem just and proper.

**PLAINTIFF IS ENTITLED TO AND HEREBY DEMANDS TRIAL BY JURY**

Dated: July 18, 2017

                                                  Respectfully submitted,
                                                  Counsel for the Plaintiff,

                                                  /s/ Keith A. Mathews, Esq.
                                                  ATTY. KEITH A. MATHEWS
                                                  [BBO#005382]
                                                  Associated Attorneys of New England
                                                  587 Union Street
                                                  Manchester, NH 03104
                                                  Tel: (603) 622-8100
                                                  Fax: (888) 912-1497
                                                  keith@aaone.law